UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL J. WHEELOCK,
et al.

v.   C.A. No. 06 - 366 S

STATE OF RHODE ISLAND,
et al.

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Michael J. Wheelock, Ernest Hazard, Kenneth Wilson, and Louis Viveiros (collectively "plaintiffs"), inmates legally incarcerated at the Rhode Island Department of Corrections ("RIDOC"), Adult Correctional Institutions, filed suit under 42 U.S.C. § 1983. Plaintiffs name as defendants numerous individuals employed or affiliated with the RI DOC.

Currently before the Court is the motion of the plaintiffs for the certification of a class pursuant to Fed. R. Civ. P. 23. The defendants have not been served in this matter, and accordingly, have not filed an objection. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the plaintiffs' motion for class certification be denied.

### Discussion

Rule 23(a) of the Federal Rules of Civil Procedure requires that parties seeking class certification demonstrate: (1) the class is so numerous that joinder of all parties is impracticable; (2) there are questions of law or fact common to the class; (3) the claims and defenses of the representative parties are typical of those of the class; and (4) the representative party or parties will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). Individuals appearing *pro se* may not

adequately represent and protect the interests of a class. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)(holding that class representatives cannot appear *pro se*); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 162 (5th Cir. 1995) (stating that "because [the plaintiff] is proceeding *pro se* and his own complaint failed to state a cause of action, his ability to serve as an adequate representative of the class is dubious"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (denying certification of a class with a *pro se* representative because "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others"); Avery v. Powell, 695 F. Supp. 632, 643 (D.N.H. 1988) (denying class certification because "[a] pro se plaintiff may not possess the knowledge and experience necessary to protect the interests of the class as required by Rule 23(a)(4)").

Here, plaintiffs are not attorneys. Plaintiffs are *pro se* and apparently seek to represent the proposed- undefined class *pro se*. Accordingly, I find that the plaintiffs cannot adequately protect the interests of those purported class members they seek to represent. I therefore recommend that plaintiffs' motion for class certification be denied.

## Conclusion

For the reasons stated above, I recommend that plaintiffs' motion for class certification be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
August 31, 2006