UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

MICHAEL J. WHEELOCK SR., et.al. :
:
v. : C.A. No. 06-366S
:
STATE OF RHODE ISLAND, :
RHODE ISLAND DEPARTMENT :
OF CORRECTIONS, et.al. :

OBJECTION TO REPORT AND RECOMMENDATION

Now comes, Michael J. Wheelock Sr., Ernest Hazard, Kenneth Wilson, Luis Viverious, Neal Rancourt, Dana Waters, Aaron Davis, Anthony Perkins, Alan Smith, Normand Lalumiere, John Pelland, Fred Hebert, Fred Erdman, Ronald Berriochoa, and John Doe, et. al.(collectively "plaintiffs"), who Object to Senior United States Magistrate Judge, Jacob Hagopian's, Report and Recommendation(R & R) denying plaintiffs' Motion for Class Certification, under Fed. R. Civ. P. Rule 23(a) — Prerequisites of Class Certification. More specifically, Rule 23(a)(4) — The representative party or parties will fairly and adequately protect the interests of the class. Hagopian goes on to cite several cases that particularly pertain to Rule 23(a)(4) in that, [pro-se individuals cannot adequately represent and protect the interests of the class as required by law].

Hagopian states, "Here, the plaintiffs are not attorneys." THE PLAINTIFFS AGREE.

Hagopian States, "Plaintiffs are pro-se and **apparently** seek **to represent** the **proposed-undefined** class pro-se. THE PLAINTIFFS DO NOT AGREE.

Plaintiffs filed a Motion For Certification As A Class under Fed. R. Civ. P. Rule 23. Class Actions. (Plaintiffs are not attorneys) Citing, Haines v. Kerner, 30 L Ed 653, The United States Supreme Court holds allegations of a pro-se complaint to less stringent standards than formal pleadings drafted by lawyers.

Plaintiffs did not seek to represent the class, as Hagopian stated. To the contrary, plaintiffs filed under Rule 23. in general. Which incorporates subdivision (g) Class Counsel.

Plaintiffs claim, that Hagopian had a duty to review Rule 23. in totality. But instead, erroneously interperted Rule 23. to the plaintiffs, with the intent to mislead a group of people who seek the ends of justice and who are unknowledgeable of the law. Had Hagopian translated Rule 23. in totality, plaintiffs motion for certification as a class would have been granted, as well as, the appointment of counsel to represent the class. Citing, Federal Practice and Procedure, CIVIL 3d § 1802.3 — Appointment of Class Counsel. In 2003, the Supreme Court adopted amendments to Rule 23. that included an entirely new subdivision (g), dealing with the appointment of class counsel. The provision was added in recognition of the importance of counsel in the successful handling of class actions and designed to build on the experience of the courts under Rule 23(a)(4) in scrutinizing proposed class counsel and class representatives for adequacy. Under subdivision(g)(1), unless a statute provides otherwise, there is now a **formal requirement** that class counsel be appointed.

Furthermore, plaintiffs defined themselves [as a class of inmates who are sex offenders] on page 1 of the complaint, which

should not have been in question. So, I do not understand why Hagopian stated, "plaintiffs are a proposed undefined class."

Hagopian further states, "Accordingly, I find that the plaintiffs cannot adequately protect the interests of those purported class members they seek to represent." THE PLAINTIFFS AGREE they cannot protect the interests of others, nevertheless, themselves, and THE PLAINTIFFS **DO NOT** AGREE that they sort to do so.

Plaintiffs submit that Rule 23. Class Actions be reviewed in totality, and before ruling on and denying their Motion For Class Certification under Rule 23(a)(4), to specifically review subdivision (g) Class Counsel, as well as, Federal Practice and Procedure CIVIL 3d § 1802.3 —— Appointment of Class Counsel.

Wherefore, the plaintiffs pray that this Honorable Court overrule Hagopian's R&R, Certify them as a Class, and Appoint Counsel to Represent them as a Class.

Respectfully Submitted,

Michael J. Wheelock Sr.
Plaintiffs, et.al.

**CERTIFICATION [28 USCS § 1746]**

Plaintiffs hereby certify that on the 28Th day of September 2006, A true copy of the within document was sent by RIDOC Interdepartmental Mail to: Patricia A. Coyne-Fague, #5198, Cheif Legal Counsel, RI. Department of Corrections, 40 Howard Avenue, Cranston, RI. 02920.