UNITED STATES COURT OF APPEALS
For the First Circuit

| | | |
|---|---|---|
| Michael J. Wheelock Sr., Plaintiffs, et.al. | : | |
| vs. | : | C.A. No. 06-366S |
| State of Rhode Island, Rhode Island Department of Corrections, Defendants, et.al. | : | |

( PLAINTIFFS' REQUEST FOR THE APPOINTMENT OF INTERIM )
( COUNSEL TO REPRESENT THEM IN THE FILING OF AN )
( APPEAL TO THE COURT OF APPEALS FROM AN ORDER )
( DENYING THEIR MOTION FOR CLASS CERTIFICATION )

Now comes [ Michael J. Wheelock Sr., Ernest Hazard, Kenneth Wilson, Luis Viveiros, Neal Rancourt, Dana Waters, Aaron Davis, Anthony Perkins, Alan Smith, Normand Lalumiere, John Pelland, Fred Hebert, Fred Erdman, Ronald Berriochoa, and John Doe(?), et. al., (collectively Plaintiffs), on behalf of themselves and all others similarly situated in the above named case* ] that hereby request the appointment of interim counsel in order to appeal an ORDER denying the plaintiffs Class Certification from the United States District Court for the District of Rhode Island to the United States Court of Appeals for the First Circuit.

Citing, TITLE II. APPEAL FROM A JUDGMENT OR ORDER OF A DISTRICT COURT, Fed. R. App. P. and First Cir. Loc. R. Rule 3. (c)(3),

> "In a class action, whether or not the class has been certified, the notice of appeal is sufficient if it names one person qualified to bring the appeal as representative of the class."

Here, the plaintiffs are <u>not</u> attorneys. <u>See</u> Fed. R. Civ. P.

23(a)(4). Individuals appearing pro-se may not adequately represent and protect the interests of a class. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (holding that class representatives cannot appear pro-se); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158,162 (5th Cir. 1995) (stating that "because [the plaintiff] is proceeding pro-se and his own complaint failed to state a cause of action, his ability to serve as an adequate representative of the class is dubious"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)(denying certification of a class with a pro-se representative because "the competence of a layman representing himself [is] clearly to limited to allow him to risk the rights of others"); Avery v. Powell, 695 F. Supp. 632, 643 (D.N.H. 1988) (denying class certification because "[a] pro-se plaintiff may not possess the knowledge and experience necessary to protect the interests of the class as required by Rule 23(a)(4)").

Citing, Fed. R. Civ. P. Rule 23. (g)(2)(A),

> "The court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."

WHEREFORE, plaintiffs request this Honorable Court to appoint interim counsel to represent them and protect their interests as a putative class. For, the plaintiffs do not have no person qualified to bring the appeal as representative of the class as required by law.

Respectfully Submitted,

Ernest Hazard

Michael J. Wheelock Sr.

Luis Viveiros

Kenneth Wilson

another security

Dana Waters

Neal Rancourt

Anthony Perkins

Aaron Davis

Normand Lalumiere

Alan Smith

-----------------------

-----------------------

John Pelland

Fred Hebert

Ronald Berroichoa

Fred Erdman

**CERTIFICATION [28 USCS § 1746]**

I hereby certify that the original and copies were sent by means of First Class Postage Prepaid on the 21st day of October 2006, to: United States District Court, Office of the Clerk, One Exchange Terrace, Providence, RI. 02903.

Michael J. Wheelock Sr.