UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL J. WHEELOCK, SR., ET AL<br>Plaintiffs, | : | |
| V. | : | C.A. No. 06-366S |
| STATE OF RHODE ISLAND ET AL.<br>Defendants, | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF INTERIM COUNSEL**

Now comes the Defendants who object to Plaintiffs' request for the appointment of interim legal counsel for purposes of pursuing an interlocutory appeal. Plaintiffs' have previously requested the appointment of counsel for purposes of pursuing their lawsuit and this Honorable Court has previously denied such a request. *See Docket Entry # 26.*

Despite the previous denial, Plaintiffs now seek the appointment of counsel to represent them in their interlocutory appeal of this Court's order denying them Class Certification. It is well settled that there is no absolute constitutional right to a free lawyer in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). To succeed on their motion, Plaintiffs "must demonstrate that [they were] indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in a fundamental unfairness impinging on [their] due process rights." Id.

The Plaintiffs cannot succeed on either prong. Specifically, "[w]hen a litigant asserts [their] indecency [they] must carry the devoir of pervasion." Id. Here, the Plaintiffs have previously applied for in forma pauperis status and have been denied.

Indeed, "the court ordered [the instant Plaintiffs] to pay filing fees and the like, and [they] did so." Id.

Furthermore, "[w]hether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it." Cookish v. Cunnigham, 787 F.2d 1, 2 (1st Cir. 1986). "Some factors which courts have found to bear on the question of exceptional circumstances in a particular case include the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim, the complexity of the factual and legal issues involved, and the capability of the indigent litigant to present the case." Id. at 3. Here, all these factors counsel against appointment. The Plaintiffs have demonstrated a familiarity with the factual and legal issues involved and have demonstrated knowledge concerning the procedures to investigate and present the instant case. Indeed, their frequent and persistent motions/objections illustrate their familiarity with civil practice.

For these reasons, Defendants pray the Motion be denied.

Respectfully submitted,
DEFENDANTS

By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field
______________________________
Michael W. Field, #5809
Special Assistant Attorney General
Richard B. Woolley, Bar #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 Ext. 2380
Fax (401) 222-2995

mfield@riag.ri.gov
rwoolley@riag.ri.gov

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Objection was mailed, postage prepaid, on this 1st day of November, 2006 to those indicated below:

**Ernest Hazard**
103948
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920

**Louis Viveiros**
121195
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920

**Michael J. Wheelock, Sr**
74124
Adult Correctional Institution
Medium Security
P.O. Box 8274
Cranston, RI 02920

**Kenneth Wilson**
P.O. Box 8274
Cranston, RI 02920