UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL J. WHEELOCK, SR., ET AL<br>Plaintiffs, | : | |
| V. | : | C.A. No. 06-366S |
| STATE OF RHODE ISLAND ET AL.<br>Defendants, | : | |

**DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT**

Now come the Defendants, **State of Rhode Island**; **Sex Offender Treatment Program**; **Peter Loss**, in his individual and official capacity; **Lisa Holley**, in her individual and official capacity; **Walter Duffy**, in his individual and official capacity; **Samuel Davies**, in his individual and official capacity; **Richard Meunier**, in his individual and official capacity; **William Begones**, in his individual and official capacity; **Joseph Jankowski**, in his individual and official capacity; **Lawrence Ceresi**, in his individual and official capacity; **Carolyn Ramano**, in her individual and official capacity; **Governor Donald Carcieri**, in his individual and official capacity; **Irving Chamberlin**, in his individual and official capacity; **Director A.T. Wall**, in his individual and official capacity; **Deputy Warden Kirk Kaszyk**, in his individual and official capacity; **Patrick Flynn**, in his individual and official capacity; **Robert McCutchenon**, in his individual and official capacity; **the Parole Board**; and **the Classification Board**, (hereinafter collectively "Defendants"), and, pursuant to Rule 12 (e) of the Federal Court Rules of Civil Procedure, hereby move for a more definite statement in this civil action. In suppport, Defendants submit the accompanying Memorandum of Law.

WHEREFORE, Defendants respectfully request that the Honorable Court grant this Motion for a More Definite Statement, and such other and further relief as justice may require.

Respectfully submitted,

DEFENDANTS,
By their Attorneys,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field
_______________________________

Michael W. Field, #5809
Special Assistant Attorney General
Richard B. Woolley, Bar #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 Ext. 2380
Fax (401) 222-2995
mfield@riag.ri.gov
rwoolley@riag.ri.gov

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Motion was mailed, postage prepaid, on this 1st day of November, 2006 to those indicated below:

Ernest Hazard
103948
Adult Correctional Institution
Medium Security
PO Box 8200
Cranston, RI 02920

Louis Viveiros
121195
Adult Correctional Institution
Medium Security
PO Box 8200
Cranston, RI 02920

Michael J. Wheelock, Sr
74124
Medium Security
P.O. Box 8273
Cranston, RI 02920

Kenneth Wilson
P.O. Box 8274
Cranston, RI 02920

________/s/ Michael W. Field_______

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL J. WHEELOCK, SR., ET AL<br>Plaintiffs, | : | |
| V. | : | C.A. No. 06-366S |
| STATE OF RHODE ISLAND ET AL.<br>Defendants, | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR A MORE DEFINITE STATEMENT**

**INTRODUCTION**

Defendants do not dispute that a Rule 12(e) Motion is an extraordinary pleading. Nonetheless, given the Complaint (Docket Entry # 22) presently before the Court, a more definite statement is both necessary and proper. In particular, upon a fair and objective reading of the instant complaint, it is simply impossible to determine who the plaintiffs are, what the specific allegations are, the cause of action asserted, and what allegations pertain to which of the nineteen (19) named defendants. The lack of enumerated paragraphs also makes a responsive pleading all but impossible. An order granting a more definite statement serves the great interest of judicial economy and will serve to focus the Plaintiffs' Complaint. Therefore, Defendants pray that the Motion be granted.

**THE COMPLAINT**

The instant Complaint comprises eighty-one (81) pages, the great majority of which (the first 54 pages) are not delineated into separate enumerated paragraphs, which would permit a responsive pleading. The Complaint lists twelve (12) plaintiffs, *see Complaint p. 55-56*,

however, some motions and court orders appear to only recognize four plaintiffs, i.e., Inmates Hazard, Wheelock, Viverios, and Wilson, *see Docket Entry Nos. 42 & 43*, while other motions appear to include additional plaintiffs. *See Docket Entry Nos. 44 & 45*. Despite the above, with the exception of the portion of the Complaint listing the twelve (12) named plaintiffs, *see Complaint p 55-56*, no inmate/plaintiff (except Wheelock) is identified anywhere in the Complaint. No facts are set forth to indicate what, if any, facts or allegations concern any other inmate except Inmate Wheelock. Furthermore, it appears that a total of nineteen (19) defendants are named, many of which are named in their individual and official capacities, including for reasons not readily apparent, Governor Carcieri. More importantly, based upon a review of the Complaint, it is difficult, if not impossible, to ascertain, which plaintiff(s) is alleging which defendant(s) committed an unlawful act, what this allegedly unlawful act is, and the cause of action that plaintiff(s) contend entitles them to relief. Indeed, in the entire 81 page Complaint, only two causes of action are identified: Allegation Three and Five, both of which allege 8th and 14th Amendment Violations. No cause of action is even alleged anywhere else in this Complaint.

## ARGUMENT

The Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8 (a). Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957) has long stood for the proposition that a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." More recently, the United States Supreme Court has recognized that a "'firm application of the Federal Rules of Civil Procedure' [] may lead to the prompt disposition of insubstantial claims." Crawford-El v. Britton, 523 U.S. 574, 597, 118 S.Ct. 1584, 1596 (1998).

A motion for more definite statement is proper where a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. Rule 12 (e). In Crawford-El, the Supreme Court continued that:

> [w]hen a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings. The district judge has two primary options prior to permitting any discovery at all. First, the court may order a reply to the defendant's or a third party's answer under Federal Rule of Civil procedure 7(a), or grant the defendant's motion for a more definite statement under Rule 12(e). Thus, the court may insist that the plaintiff 'put forward specific, nonconclusory factual allegations' that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal or summary judgment. Crawford-El, 523 U.S. at 597-98, 118 S.Ct. at 1596-97 (emphasis added).

Applying these teaching to the present civil action, Plaintiffs' Complaint clearly violates Rule 8's requirement of a "short and plain statement." Placing this procedural deficiency to the side, however, given the nature of Plaintiffs' rambling 81 page Complaint that fails to identify who the plaintiffs are and what their specific allegations are, the nineteen (19) named Defendants assert that they have a right to a "short and plain statement of the claim[s] showing that [Plaintiffs are] entitled to relief," Fed. R. Civ. P. Rule 8 (a), and "fair notice of what [Plaintiffs'] claim[s] [are] and the grounds upon which [they] rest[]." Conley v. Gibson, 355 U.S. at 47, 78 S. Ct. at 103. Accordingly, Defendants respectfully request that this Honorable Court issue an order granting the motion for a more definite statement, which would include:

1. identifying who the plaintiff(s) are and the specific allegations each plaintiff contends entitles them to relief;

2. identifying the defendants each plaintiff alleges committed an unlawful act in No. 1, what the unlawful act was, when it occurred, which specific plaintiff was injured as a result of the allegedly unlawful act, and what the injury was;

3. each plaintiff identifying each and every step that was taken to exhaust their administrative remedies relative to each allegation identified in No. 1.[1]

Defendants also request that this Court order the Plaintiff(s) to respond in enumerated paragraphs so as to allow a responsive pleading.

The granting of the instant Motion for a More Definite Statement will greatly advance the judicial economy of this case by focusing Plaintiff(s) claims, and indeed, even clarifying who the parties are and the allegations made against the respective parties. Granting the instant Motion will also advance the principles expressed by the United States Supreme Court in Crawford-El, where the Court stated that issues related to Qualified Immunity "should be resolved as early as possible." Crawford-El, 523 U.S. at 600, 118 S.Ct. at 1597. Furthermore, it is respectfully submitted that in the Court's discretion to managing its own docket, the Court's economy would be best served by requiring Plaintiff(s) to provide a more definite statement concerning the Plaintiff(s) efforts to exhaust administrative remedies, which could be potentially dispositive of some or all of the Plaintiffs' claims, rather than engaging in a protracted and voluminous litigation only to later determine that Plaintiff(s) failed to exhaust their administrative remedies

[1] Defendants acknowledge that failure to exhaust administrative remedies is an affirmative defense. Nevertheless, as explained later in the text of this memorandum, it is respectfully submitted that in this Honorable Court's discretion to manage its own calendar, an Order requiring a more definite statement regarding whether each and every plaintiff exhausted their administrative remedies with respect to each and every allegation may greatly narrow the focus of Plaintiffs' myriad claims and allow for the disposition of claims not properly before this Honorable Court in a timely and efficient manner. Moreover, Defendants note that it was the Plaintiffs who, at page 20 of their Complaint, pleaded that they had exhausted their administrative remedies without further support. Defendants simply seek a more definite statement regarding this averment.

regarding one or more claim. Such a procedure would avoid the voluminous and time consuming travel demonstrated recently by another pro se inmate case. See e.g., Reise v. Department of Corrections et al, No. 04-158ML. It is also submitted that the instant Motion is consistent with this Honorable Court's recent Order in Taylor v. Correctional Officer Woods et al, No. 05-501S.

**CONCLUSION**

Respectfully, Defendants seek a clear understanding of who is being sued for what. For the reasons set forth, Defendants assert that a Motion for a More Definite Statement, pursuant to Rule 12 (e) of the Federal Court Rules of Civil Procedure, is necessary and proper. Therefore, Defendants respectfully request that the Honorable Court grant the Motion for a More Definite Statement, and such other and further relief as justice may require.

Respectfully submitted,

DEFENDANTS,
By their Attornies,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field
______________________________

Michael W. Field, #5809
Special Assistant Attorney General
Richard B. Woolley, Bar #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 Ext. 2380
Fax (401) 222-2995
mfield@riag.ri.gov
rwoolley@riag.ri.gov

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Memorandum was mailed, postage prepaid, on this 1st day of November, 2006 to those indicated below:

Ernest Hazard
103948
Adult Correctional Institution
Medium Security
PO Box 8200
Cranston, RI 02920

Louis Viveiros
121195
Adult Correctional Institution
Medium Security
PO Box 8200
Cranston, RI 02920

Michael J. Wheelock, Sr
74124
Medium Security
P.O. Box 8273
Cranston, RI 02920

Kenneth Wilson
P.O. Box 8274
Cranston, RI 02920

________/s/ Michael W. Field_______