UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

MICHAEL J. WHEELOCK SR., PLAINTIFFS, ET.AL. :
:
:
v. : C.A. No. 06-366S
:
STATE OF RHODE ISLAND, DEFENDANTS, ET.AL. :
:

**PLAINTIFFS" RESPONSE TO DEFENDANTS' OBJECTION & MOTION**

Now comes the plaintiffs, et.al., on behalf of themselves and all others similarly situated in the above named case. Responding to DEFENDANTS' OBJECTION TO PLAINTIFFS' REQUEST FOR THE APPOINTMENT OF INTERIM COUNSEL.

Defendants state,

> "[W]hether **exceptional circumstances** exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it."

> "The plaintiffs have demonstrated a familiarity with the factual and legal issues involved and have demonstrated knowledge concerning the procedures to investigate and present the instant case."

Defendants also filed, on the same date, a MEMORANDUM IN SUPPORT OF A MOTION FOR A MORE DEFINITE STATEMENT.

Defendants state,

> "Defendants do not dispute that a Rule 12 (e) Motion is an **extraordinary pleading.** Nonetheless, given the Complaint presently before the Court, a more definite statement is both necessary and proper. In particular,

upon a fair and objective reading of the instant complaint, it is simply impossible to determine who the plaintiffs are, what the specific allegations are, the cause of action asserted, and what allegations pertain to which of the nineteen (19) named defendants."

"More importantly, based upon a review of the complaint, it is difficult, if not impossible, to ascertain, which plaintiff(s) is alleging which defendant(s) committed an unlawful act, what this allegedly unlawful act is, and the cause of action that plaintiff(s) contend entitles them to relief."

"given the nature of the plaintiffs' rambling 81 page Complaint"

"A Motion For a More Definite Statement is proper where a complaint is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading."

Plaintiffs have cited paragraphs, word for word, from the defendants' Objection which in summary states, "EXCEPTIONAL CIRCUMSTANCES does not exsit."

Plaintiffs have also cited paragraphs, word for word, from the defendants' Motion filed on the same day as and by the same attorney as filed the Objection cited within, stating to the contrary, "they do not dispute that a Rule 12(e) Motion is an EXTRAORDINARY PLEADING."

Plaintiffs assert that if there is a need for an EXTRAORDINARY PLEADING, ultimately, EXCEPTIONAL CIRCUMSTANCES EXIST.

This is one of the many reasons the plaintiffs have requested the appointment of interim counsel.

Therefore, Plaintiffs' pray that this Honorable Court

appoint interim counsel which will, undoubtedly, best serve the ends of justice and protect the interest of all others similarly situated.

Respectfully Submitted,

Kenneth Wilson

Luis Viveiros

Michael J. Wheelock Sr.

Ernest Hazard

CERTIFICATION [28 USCS § 1746]

I hereby certify that on the 6th day of November 2006. I mailed a true copy of this document postage prepaid to: Attorney Generals Office, Michael W. Field, #5089, 150 South Main Street, Providence, RI. 02903.

**NOTE:** **<u>No</u> attorney will represent the plaintiffs due to their lack of funds.**

**cc: file**