**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**MICHAEL J. WHEELOCK**, *et al.*,

v. **C.A. No. 06 - 366 S**

**STATE OF RHODE ISLAND,**
et al.

**MEMORANDUM AND ORDER**

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the court on motion of the defendants for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Plaintiffs have opposed the motion. For the reasons set forth below, defendants' motion is **GRANTED.**

**Background**

Plaintiffs Michael J. Wheelock, Ernest Hazard, Kenneth Wilson and Louis Viveiros, *pro se* inmates incarcerated at the Rhode Island Department of Corrections, filed a Complaint presumably pursuant to 42 U.S.C. § 1983. Plaintiffs' eighty-one page Complaint names some twenty-nine defendants. Despite its excessive length, plaintiffs' Complaint does not identify (1) the factual basis for each plaintiff's claim (2) the legal claim asserted, and (3) which claims are lodged against which defendants. Furthermore, it is unclear whether any of the plaintiff's have exhausted their

administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e).

Defendants have filed a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Plaintiffs have opposed the motion.

**Discussion**

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e).

Rule (8)(a) of the Federal Rules of Civil Procedure requires only that a plaintiff make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Because a complaint is a precursor to discovery, it need not state all the possible facts at issue. Arruda v. Sears, Roebuck & Co., 273 B.R. 332 (D.R.I. 2002). A plaintiff, however, cannot rely solely on "subjective characterizations or conclusory descriptions." Id. at 340. Only if a pleading is so vague and fails to meet the notice pleading standards of Rule 8(a) would the proper recourse be a motion for more definite statement. Id.

A defendant is entitled to a more definite statement when the Complaint as framed denies the defendant the ability to properly respond. If the Complaint fairly gives notice of the claim or claims asserted therein, a motion for definite statement must be denied. Oresman v. G.D. Searle & Co., 321 F.Supp 449, 458 (D.R.I. 1971), citing Schadler v. Reading Eagle Publications, Inc., 370 F.2d 795 (3rd Cir. 1967). Where the pleading is drafted in a manner that allows defendant to "understand the nature and extent of the charges against him and to enable him to prepare generally for trial, if he wishes to secure more detailed information as to how the pleading party intends to prove his allegations he should not be permitted to utilize the motion for a more definite statement ... but should be compelled to look to the procedures for discovery under the (federal) rules, which provide for obtaining such details." Buck v. Keenan, 1 F.R.D. 558, 559 (D.R.I. 1941), citing Hughes Federal Practice, Vol. 17, § 20400, p. 464.

Here, defendants asserts that they cannot determine from the Complaint the factual basis of the claims asserted by each plaintiff, the legal claims asserted, or which claims are lodged against which defendants. After a review of the Complaint, I agree. Plaintiffs' Complaint is vague and there is no clear indication what is being asserted and against whom. The notice-pleading requirements of Rule 8(a) have not been met by the plaintiffs.

## Conclusion

Accordingly, defendants' motion for a more definite statement is **GRANTED.** The plaintiffs are hereby **ORDERED** to file a pleading which states in concise terms (1) factual basis of each plaintiff's claim [1] (2) the legal claim asserted (3) which claims are lodged against which defendants, and (4) the steps taken by <u>each</u> plaintiff to exhaust his administrative remedies pursuant to the PLRA.

**IT IS SO ORDERED.**

Jacob Hagopian
Senior United States Magistrate Judge
November 21, 2006

[1] Plaintiffs' complaint identifies some nine inmates as plaintiffs. However, only those whose original signature appears on the complaint have thus far been considered proper plaintiffs.