# UNITED STATES COURT OF APPEALS

## FOR THE FIRST CIRCUIT

---

No. 06-2538

MICHAEL J. WHEELOCK SR.; ERNEST HAZARD; KENNETH E. WILSON; LOUIS VIVEIROS

Plaintiffs - Appellants

V.

STATE OF RHODE ISLAND DEPARTMENT OF CORRECTIONS; DONALD L. CARCIERI; ASHBEL T. WALL, II; ROBERT M. MCCUTCHEON; STATE OF RHODE ISLAND DEPARTMENT OF CORRECTIONS, Parole Board; LISA HOLLEY; RHODE ISLAND DEPARTMENT OF CORRECTIONS, Sex Offender Treatment Program; PETER LOSS; KIRK KASZYK; WILLIAM BEGONES; JOSEPH F. JANKOWSKI; RICHARD MEUNIER; WALTER DUFFY; LAWRENCE CERESI; SAMUEL DAVIES; MAURICE CHAMBERLAIN; CAROLYN RAMANO; RHODE ISLAND DEPARTMENT OF CORRECTIONS, Classification Board; ROBERT FLYNN

Defendants - Appellees

---

**PLAINTIFFS'/APPELLANTS' APPEAL TO THE**

**DISTRICT COURT'S DENIAL OF CLASS CERTIFICATION**

Appellants' filed a Motion for Certification as a Class pursuant to Fed. R. Civ. P. 23.

This matter was referred to Senior United States Magistrate Judge, Jacob Hagopian pursuant to 28 U.S.C. § 636 (b)(1)(B) for a Report and Recommendation.

The Magistrate Judge's R & R stipulated that under Fed. R.

Civ. P. 23 (a)(4) the representative party or parties will fairly and adequately protect the interests of the class.

The Magistrate Judge then assumed and stated that,

> "Plaintiffs are (pro-se) and apparently seek to represent the proposed-undefined class (pro-se.) Accordingly, I find that the plaintiffs cannot adequately protect the interests of those purported class members they seek to represent. I therefore recommend that plaintiffs' motion for class certification be denied."[1]

The Magistrate Judge provided no other reason for the denial of class certification. Only that, "Plaintiffs seek to represent the class (pro-se and cannot.)"

Plaintiffs' Objected to the Magistrate Judge's R & R,

> "That they DID NOT seek to represent the class as was assumed and stated by the Magistrate Judge in his R & R."

The Objection was denied and the R & R was accepted by District Judge, William E. Smith pursuant to Title 28 U.S.C. § 636 (b)(1),[2] and denied plaintiffs' motion for class

---

1. See attached Civil Cover Sheet, Section SIGNATURE OF ATTORNEY OF RECORD, which states, "Request for Court Appointed (ACLU)(?)" This is beyond a doubt, "concrete evidence" that the plaintiffs did not seek to represent the class, and nowhere will anyone find that they did.

2. Title 28 U.S.C. § 636 (b)(1),

> "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the Magistrate's order is clearly erroneous or contrary to law."

certification.[3]

The Magistrate Judge has already established that the plaintiffs meet the first three requirements to certify a class under Fed. R. Civ. P. 23 (a), and once the Magistrate Judge's erroneous statement is corrected, they will meet the fourth requirement under Fed. R. Civ. P. 23 (g)(1)(A) as well.

All plaintiffs' appeal consists of is a correction of an error in an assumption made by the Magistrate Judge.

Appellants' request that this Honorable Court of Appeals find the Magistrate Judge's statement in his R & R erroneous, and allow them to proceed to the next step in certifying them as a class.

Respectfully Submitted,
Michael J. Wheelock Sr.
Michael J. Wheelock Sr.
Plaintiffs, et. al.
P.O. Box 8274
Cranston, R.I. 02920

Certification [ 28 USCS § 1746 ]

I hereby certify that on the 4th day of January 2007. I sent a true copy of the within document by means of first-class mail postage pre-paid to: Civil Appeals Management Program, One Courthouse Way, Suite 3440, Boston, Massachusetts 02210; U.S. Magistrate Judge, Jacob Hagopian, and U.S. District Judge, William E. Smith, U.S. District Court For The District Of Rhode Island, One Exchange Terrace, Providence, R.I. 02903; and Attorney Generals Office, Michael W. Field, # 5809, 150 South Main Street, Providence, R.I. 02903.

Michael J. Wheelock Sr.

---

3. See attached ORDER (Document # 39-1).

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Michael J. Wheelock Sr. et.al.

**DEFENDANTS**
State of Rhode Island, Rhode Island Department of Corrections, et.al.

(b) County of Residence of First Listed Plaintiff Providence
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Providence
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | XX | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | XX 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- XX 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- XX 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USCA 1983
Brief description of cause:
Inadequacy of Rehabilitation, Retaliation, etc.

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ yes (?)
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE
August 4,2006

SIGNATURE OF ATTORNEY OF RECORD
Request for Court Appointed (ACLU) (?)

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL J. WHEELOCK, ET AL.

Plaintiffs,

v. C.A. No. 06-366S

STATE OF RHODE ISLAND, ET AL.

Defendants.

**ORDER**

The Report and Recommendation of United States Magistrate Judge Jacob Hagopian filed on September 1, 2006, in the above-captioned matter is accepted pursuant to Title 28 United States Code § 636(b)(1). Plaintiffs' Motion for Class Certification is DENIED.

By Order,

Deputy Clerk

ENTER:

/s/ William E. Smith

William E. Smith
United States District Judge

Date:

[ 28 USCS § 1746 ]

# Adult Correctional Institutions
## Inmate Account Transfer

ID # 110276 DATE Jan. 4, 2007

NAME Wilson, Kenneth P.
LAST FIRST MIDDLE

CHARGE MY ACCOUNT FOR THE FOLLOWING EXPENSE

I. [X] POSTAGE AMOUNT
1. LETTER / LETTERS 2.77
2. CARD / CARDS
3. CERTIFIED MAIL
4. OTHER 1-package
TOTAL $

IV [ ] WORK RELEASE
RENT FOR WEEK AMOUNT
OF ___ TO ___ $ ___
EXPENSE PAYMENT FOR WEEK
OF ___ TO ___ $ ___
TOTAL $

II. [ ] DRAW CHECK / CASH FOR $ ___

V. [ ] PAYMENT OF FINE

U.S. District Court
NAME
One Exchange Terrace
ADDRESS
Providence, R.I. 02903
CITY OR TOWN
Magistrate Judge, Jacob Hagopian
RELATIONSHIP
Judge, William E. Smith

TO ___ COURT
FOR AMOUNT $ ___

PERSON ON VISITING LIST [ ] YES [X] NO VERIFIED [signature]
ASSOCIATE DIRECTOR

REASONS FOR TRANSFERRING MONIES Legsal Mail

[X] APPROVED [ ] DENIED [signature] 1-5-06
ASSOCIATE DIRECTOR DATE

III. [ ] CLOSING OF INMATE ACCOUNT [ ] OTHER $ ___

I HAVE RECEIVED THE FOLLOWING AMOUNT
$ ___ FROM THE ADULT CORRECTIONAL INSTITUTIONS BUSINESS OFFICE.

[signature]
INMATES SIGNATURE

RECEIVED ABOVE PAYMENT

S - 14 OFFICE COPY - WHITE INMATE COPY - CANARY

---

[ 28 USCS § 1746 ]

# Adult Correctional Institutions
## Inmate Account Transfer

ID # 110276 DATE Jan. 4, 2007

NAME Wilson, Kenneth P.
LAST FIRST MIDDLE

CHARGE MY ACCOUNT FOR THE FOLLOWING EXPENSE

I. [X] POSTAGE AMOUNT
1. LETTER / LETTERS 5.27
2. CARD / CARDS
3. CERTIFIED MAIL
4. OTHER 1-package
TOTAL $

IV [ ] WORK RELEASE
RENT FOR WEEK AMOUNT
OF ___ TO ___ $ ___
EXPENSE PAYMENT FOR WEEK
OF ___ TO ___ $ ___
TOTAL $

II. [ ] DRAW CHECK / CASH FOR $ ___

V. [ ] PAYMENT OF FINE

United States Court of Appeals
NAME
1 Courthouse Way, Suite 2500
ADDRESS
Boston, Mass. 02210
CITY OR TOWN

RELATIONSHIP

TO ___ COURT
FOR AMOUNT $ ___

PERSON ON VISITING LIST [ ] YES [X] NO VERIFIED [signature]
ASSOCIATE DIRECTOR

REASONS FOR TRANSFERRING MONIES Legal Mail

[X] APPROVED [ ] DENIED [signature] 1-5-07
ASSOCIATE DIRECTOR DATE

III. [ ] CLOSING OF INMATE ACCOUNT [ ] OTHER $ ___

I HAVE RECEIVED THE FOLLOWING AMOUNT
$ ___ FROM THE ADULT CORRECTIONAL INSTITUTIONS BUSINESS OFFICE.

[signature]
INMATES SIGNATURE

RECEIVED ABOVE PAYMENT

S - 14 OFFICE COPY - WHITE INMATE COPY - CANARY

Kenneth Wilson
P.O. Box 8274
Cranston, R.I. 02920

United States Court of Appeals
Clerks Office Att: Richard Cushing Donovan
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, Massachusetts 02210

"Privileged Legal Mail"

Certification 28 USCS § 1746
January 4, 2007

Kenneth Wilson
P.O. Box 8274
Cranston, R.I. 02920

Civil Appeals Management Program
One Courthouse Way, Suite 3440
Boston, Massachusetts 02210

Privileged Legal Mail

Certification 28USC
January 4, 2007

2. Plaintiffs' AFFIDAVITS

# AFFIDAVIT

I, **Michael J. Wheelock Sr.**, a plaintiff in Wheelock vs. State, C.A. No. 06-366S did not receive from the United States District Court for the District of Rhode Island a Memorandum and Order issued on November 21,2006, granting defendants' motion for a More Definite Statement. The sending, receiving, and confidentiality of plaintiffs' "Legal Mail" has disrupted litigation from the start of this Case.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON: ~~[illegible]~~ 2-8-07
(DATE)

[signature]
(SIGNATURE)

PRINT NAME: **Michael J. Wheelock Sr.**

ADDRESS: **P.O. Box 8274**

**Cranston, R.I. 02920**

Subscribed and sworn to before me in Cranston in the County of Providence. In the State of Rhode Island and Providence Plantations. This 8th day of February A.D.2006. 07

[signature]
Clerk/Notary Public

2/8/09
Date

Commission Expires: 6/23/09.

# AFFIDAVIT

I, Luis Viveiros, a plaintiff in Wheelock vs. State, C.A. No. 06-366S did not receive from the United States District Court for the District of Rhode Island a Memorandum and Order issued on November 21,2006, granting defendants' motion for a More Definite Statement. The sending, receiving, and confidentiality of plaintiffs' "Legal Mail" has disrupted litigation from the start of this Case.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON: 2-8-07
(DATE)

[signature]
(SIGNATURE)

PRINT NAME: Luis Viveiros

ADDRESS: P.O. Box 8274

Cranston, R.I. 02920

Subscribed and sworn to before me in Cranston in the County of Providence. In the State of Rhode Island and Providence Plantations. This 8th day of February A.D.2006 7.

[signature]
Clerk/Notary Public

2/8/07
Date

Commission Expires: 6/23/09.

# AFFIDAVIT

I, Kenneth Wilson, a plaintiff in Wheelock vs. State, C.A. No. 06-366S did not receive from the United States District Court for the District of Rhode Island a Memorandum and Order issued on November 21,2006, granting defendants' motion for a More Definite Statement. The sending, receiving, and confidentiality of plaintiffs' "Legal Mail" has disrupted litigation from the start of this Case.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON: Feb 8, 2007
(DATE)

[signature]
(SIGNATURE)

PRINT NAME: Kenneth Wilson

ADDRESS: P.O. Box 8274

Cranston, R.I.02920

Subscribed and sworn to before me in Cranston in the County of Providence. In the State of Rhode Island and Providence Plantations. This 8th day of February A.D.2006 [corrected by hand to 07].

[signature]
Clerk/Notary Public

2-8-07
Date

Commission Expires: 6/23/09.

# AFFIDAVIT

I, Ernest Hazard, a plaintiff in Wheelock vs. State, C.A. No. 06-366S did not receive from the United States District Court for the District of Rhode Island a Memorandum and Order issued on November 21,2006, granting defendants' motion for a More Definite Statement. The sending, receiving, and confidentiality of plaintiffs' "Legal Mail" has disrupted litigation from the start of this Case.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON: 2/8/07
(DATE)

[signature]
(SIGNATURE)

PRINT NAME: Ernest Hazard

ADDRESS: P.O. Box 8274

Cranston, R.I. 02920

Subscribed and sworn to before me in Cranston in the County of Providence. In the State of Rhode Island and Providence Plantations. This 8th day of February A.D.2006. 2007

[signature]
Clerk/Notary Public

2/8/07
Date

Commission Expires: 6/23/09.

3. Senior United States Magistrate Judge, Jacob Hagopian, Report and Recommendation dated August 31,2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL J. WHEELOCK,
et al.

v. C.A. No. 06 - 366 S

STATE OF RHODE ISLAND,
et al.

## Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Michael J. Wheelock, Ernest Hazard, Kenneth Wilson, and Louis Viveiros (collectively "plaintiffs"), inmates legally incarcerated at the Rhode Island Department of Corrections ("RIDOC"), Adult Correctional Institutions, filed suit under 42 U.S.C. § 1983. Plaintiffs name as defendants numerous individuals employed or affiliated with the RI DOC.

Currently before the Court is the motion of the plaintiffs for the certification of a class pursuant to Fed. R. Civ. P. 23. The defendants have not been served in this matter, and accordingly, have not filed an objection. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the plaintiffs' motion for class certification be denied.

## Discussion

Rule 23(a) of the Federal Rules of Civil Procedure requires that parties seeking class certification demonstrate: (1) the class is so numerous that joinder of all parties is impracticable; (2) there are questions of law or fact common to the class; (3) the claims and defenses of the representative parties are typical of those of the class; and (4) the representative party or parties will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). Individuals appearing *pro se* may not

adequately represent and protect the interests of a class. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)(holding that class representatives cannot appear *pro se*); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 162 (5th Cir. 1995) (stating that "because [the plaintiff] is proceeding *pro se* and his own complaint failed to state a cause of action, his ability to serve as an adequate representative of the class is dubious"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (denying certification of a class with a *pro se* representative because "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others"); Avery v. Powell, 695 F. Supp. 632, 643 (D.N.H. 1988) (denying class certification because "[a] pro se plaintiff may not possess the knowledge and experience necessary to protect the interests of the class as required by Rule 23(a)(4)").

Here, plaintiffs are not attorneys. Plaintiffs are *pro se* and apparently seek to represent the proposed- undefined class *pro se*. Accordingly, I find that the plaintiffs cannot adequately protect the interests of those purported class members they seek to represent. I therefore recommend that plaintiffs' motion for class certification be denied.

**Conclusion**

For the reasons stated above, I recommend that plaintiffs' motion for class certification be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
August 31, 2006

4. Several of the many letters from the ACLU to inmates (Sex-Offenders) at the ACI.

Rhode Island Affiliate, American Civil Liberties Union

128 Dorrance Street, Suite 220 - Providence, Rhode Island 02903
Telephone: (401) 831-7171 Fax: (401) 831-7175 E-mail: riaclu@riaclu.org

January 23, 2007

Michael Wheelock
PO Box 8274
Cranston, RI 02920

Dear Mr. Wheelock

I am writing to inmates like yourself who have contacted us with concerns about their treatment at the ACI based on their status as sex offenders. I just wanted to let you know that we remain aware of your concerns and we are continuing to investigate the matter.

The complaints that have been brought to our attention raise a variety of different issues regarding the Sex Offender Treatment Program and matters related to it. Some of these issues are quite complicated – both factually and legally. One of our volunteer attorneys has visited with a few inmates to get a better sense of them, but we simply do not have the resources to visit with all of you. Frankly, we are still trying to determine both the relative strength and importance of the many claims that have been raised in order to avoid potentially significant conflicts and complications down the road if we formally intervene in litigation. Getting a better sense of the scope of the issues and which ones are more likely to be subject to a successful legal challenge, and making clear to everybody which issues we expect to vigorously pursue, is very important from the start.

I realize that our review has been taking a long time, but I trust you can understand our need for a thorough investigation and analysis of the issues, as this is a very complex matter for any attorney to handle. Once we have a better idea of what we are in a position to do, I will be back in touch with you.

In addition, if you have not done so, it is important that, whatever complaints you have about the program, you exhaust your administrative remedies by filing formal grievances and appeals about them. You should keep copies of those grievances and responses for reference.

Thank you for your patience.

Sincerely,

Steven Brown
Executive Director

ACLU

Rhode Island Affiliate, American Civil Liberties Union

128 Dorrance Street, Suite 220 - Providence, Rhode Island 02903
Telephone: (401) 831-7171 Fax: (401) 831-7175 E-mail: riaclu@riaclu.org

January 23, 2007

Aaron Jerome Davis
PO Box 8274
Cranston, RI 02920

Dear Mr. Davis

I am writing to inmates like yourself who have contacted us with concerns about their treatment at the ACI based on their status as sex offenders. I just wanted to let you know that we remain aware of your concerns and we are continuing to investigate the matter.

The complaints that have been brought to our attention raise a variety of different issues regarding the Sex Offender Treatment Program and matters related to it. Some of these issues are quite complicated – both factually and legally. One of our volunteer attorneys has visited with a few inmates to get a better sense of them, but we simply do not have the resources to visit with all of you. Frankly, we are still trying to determine both the relative strength and importance of the many claims that have been raised in order to avoid potentially significant conflicts and complications down the road if we formally intervene in litigation. Getting a better sense of the scope of the issues and which ones are more likely to be subject to a successful legal challenge, and making clear to everybody which issues we expect to vigorously pursue, is very important from the start.

I realize that our review has been taking a long time, but I trust you can understand our need for a thorough investigation and analysis of the issues, as this is a very complex matter for any attorney to handle. Once we have a better idea of what we are in a position to do, I will be back in touch with you.

In addition, if you have not done so, it is important that, whatever complaints you have about the program, you exhaust your administrative remedies by filing formal grievances and appeals about them. You should keep copies of those grievances and responses for reference.

Thank you for your patience.

Sincerely,

Steven Brown
Executive Director

ACLU

Rhode Island Affiliate, American Civil Liberties Union

128 Dorrance Street, Suite 220 - Providence, Rhode Island 02903
Telephone: (401) 831-7171 Fax: (401) 831-7175 E-mail: riaclu@riaclu.org

January 23, 2007

Neal Rancourt
PO Box 8274
Cranston, RI 02920

Dear Mr. Rancourt

I am writing to inmates like yourself who have contacted us with concerns about their treatment at the ACI based on their status as sex offenders. I just wanted to let you know that we remain aware of your concerns and we are continuing to investigate the matter.

The complaints that have been brought to our attention raise a variety of different issues regarding the Sex Offender Treatment Program and matters related to it. Some of these issues are quite complicated – both factually and legally. One of our volunteer attorneys has visited with a few inmates to get a better sense of them, but we simply do not have the resources to visit with all of you. Frankly, we are still trying to determine both the relative strength and importance of the many claims that have been raised in order to avoid potentially significant conflicts and complications down the road if we formally intervene in litigation. Getting a better sense of the scope of the issues and which ones are more likely to be subject to a successful legal challenge, and making clear to everybody which issues we expect to vigorously pursue, is very important from the start.

I realize that our review has been taking a long time, but I trust you can understand our need for a thorough investigation and analysis of the issues, as this is a very complex matter for any attorney to handle. Once we have a better idea of what we are in a position to do, I will be back in touch with you.

In addition, if you have not done so, it is important that, whatever complaints you have about the program, you exhaust your administrative remedies by filing formal grievances and appeals about them. You should keep copies of those grievances and responses for reference.

Thank you for your patience.

Sincerely,

Steven Brown
Executive Director

ACLU

Rhode Island Affiliate, American Civil Liberties Union

128 Dorrance Street, Suite 220 - Providence, Rhode Island 02903
Telephone: (401) 831-7171 Fax: (401) 831-7175 E-mail: riaclu@riaclu.org

January 23, 2007

Frederick Hebert
PO Box 8274
Cranston, RI 02920

Dear Mr. Hebert

I am writing to inmates like yourself who have contacted us with concerns about their treatment at the ACI based on their status as sex offenders. I just wanted to let you know that we remain aware of your concerns and we are continuing to investigate the matter.

The complaints that have been brought to our attention raise a variety of different issues regarding the Sex Offender Treatment Program and matters related to it. Some of these issues are quite complicated – both factually and legally. One of our volunteer attorneys has visited with a few inmates to get a better sense of them, but we simply do not have the resources to visit with all of you. Frankly, we are still trying to determine both the relative strength and importance of the many claims that have been raised in order to avoid potentially significant conflicts and complications down the road if we formally intervene in litigation. Getting a better sense of the scope of the issues and which ones are more likely to be subject to a successful legal challenge, and making clear to everybody which issues we expect to vigorously pursue, is very important from the start.

I realize that our review has been taking a long time, but I trust you can understand our need for a thorough investigation and analysis of the issues, as this is a very complex matter for any attorney to handle. Once we have a better idea of what we are in a position to do, I will be back in touch with you.

In addition, if you have not done so, it is important that, whatever complaints you have about the program, you exhaust your administrative remedies by filing formal grievances and appeals about them. You should keep copies of those grievances and responses for reference.

Thank you for your patience.

Sincerely,

Steven Brown
Executive Director

ACLU

Rhode Island Affiliate, American Civil Liberties Union

128 Dorrance Street, Suite 220 - Providence, Rhode Island 02903
Telephone: (401) 831-7171 Fax: (401) 831-7175 E-mail: riaclu@riaclu.org

January 23, 2007

Luis Viveiros
PO Box 8274
Cranston, RI 02920

Dear Mr. Viveiros

I am writing to inmates like yourself who have contacted us with concerns about their treatment at the ACI based on their status as sex offenders. I just wanted to let you know that we remain aware of your concerns and we are continuing to investigate the matter.

The complaints that have been brought to our attention raise a variety of different issues regarding the Sex Offender Treatment Program and matters related to it. Some of these issues are quite complicated – both factually and legally. One of our volunteer attorneys has visited with a few inmates to get a better sense of them, but we simply do not have the resources to visit with all of you. Frankly, we are still trying to determine both the relative strength and importance of the many claims that have been raised in order to avoid potentially significant conflicts and complications down the road if we formally intervene in litigation. Getting a better sense of the scope of the issues and which ones are more likely to be subject to a successful legal challenge, and making clear to everybody which issues we expect to vigorously pursue, is very important from the start.

I realize that our review has been taking a long time, but I trust you can understand our need for a thorough investigation and analysis of the issues, as this is a very complex matter for any attorney to handle. Once we have a better idea of what we are in a position to do, I will be back in touch with you.

In addition, if you have not done so, it is important that, whatever complaints you have about the program, you exhaust your administrative remedies by filing formal grievances and appeals about them. You should keep copies of those grievances and responses for reference.

Thank you for your patience.

Sincerely,

Steven Brown
Executive Director

ACLU

Rhode Island Affiliate, American Civil Liberties Union

128 Dorrance Street, Suite 220 - Providence, Rhode Island 02903
Telephone: (401) 831-7171 Fax: (401) 831-7175 E-mail: riaclu@riaclu.org

January 23, 2007

Alan Smith
PO Box 8274
Cranston, RI 02920

Dear Mr. Smith

I am writing to inmates like yourself who have contacted us with concerns about their treatment at the ACI based on their status as sex offenders. I just wanted to let you know that we remain aware of your concerns and we are continuing to investigate the matter.

The complaints that have been brought to our attention raise a variety of different issues regarding the Sex Offender Treatment Program and matters related to it. Some of these issues are quite complicated – both factually and legally. One of our volunteer attorneys has visited with a few inmates to get a better sense of them, but we simply do not have the resources to visit with all of you. Frankly, we are still trying to determine both the relative strength and importance of the many claims that have been raised in order to avoid potentially significant conflicts and complications down the road if we formally intervene in litigation. Getting a better sense of the scope of the issues and which ones are more likely to be subject to a successful legal challenge, and making clear to everybody which issues we expect to vigorously pursue, is very important from the start.

I realize that our review has been taking a long time, but I trust you can understand our need for a thorough investigation and analysis of the issues, as this is a very complex matter for any attorney to handle. Once we have a better idea of what we are in a position to do, I will be back in touch with you.

In addition, if you have not done so, it is important that, whatever complaints you have about the program, you exhaust your administrative remedies by filing formal grievances and appeals about them. You should keep copies of those grievances and responses for reference.

Thank you for your patience.

Sincerely,

Steven Brown
Executive Director

ACLU