UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL J. WHEELOCK, SR., ET AL<br>Plaintiffs, | : | |
| V. | : | C.A. No. 06-366S |
| STATE OF RHODE ISLAND ET AL.<br>Defendants, | : | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Now comes the Defendants, **State of Rhode Island, Sex Offender Treatment Program**; **Peter Loss**, in his individual and official capacity; **Lisa Holley**, in her individual and official capacity; **Walter Duffy**, in his individual and official capacity; **Samuel Davies**, in his individual and official capacity; **Richard Meunier**, in his individual and official capacity; **William Begones**, in his individual and official capacity; **Joseph Jankowski**, in his individual and official capacity; **Lawrence Ceresi**, in his individual and official capacity; **Carolyn Ramano**, in her individual and official capacity; **Governor Donald Carcieri**, in his individual and official capacity; **Irving Chamberlin**, in his individual and official capacity; **Director A.T. Wall**, in his individual and official capacity; **Deputy Warden Kirk Kaszyk**, in his individual and official capacity; **Patrick Flynn**, in his individual and official capacity; **Robert McCutchenon**, in his individual and official capacity; **the Parole Board**; and **the Classification Board (**hereafter collectively "Defendants")[1] and responds to Plaintiffs, Michael J. Wheelock, Kenneth Wilson, Ernest Hazard, and Luis Viveiros (hereafter

[1] Defendants also expressly includes anyone else that the undersigned has entered an appearance on behalf of.

collectively "Plaintiffs") complaint. In answering the Plaintiffs' complaint, Defendants have followed, and respond, to the allegations as set forth in Plaintiffs' Response to Defendants' Motion for a More Definite Statement.

1. As for the allegations set forth in the section labeled "Factual Basis for each plaintiffs' claim," pages 1-6, the Defendants deny each and every averment set forth in Paragraphs 1-27, as well as all allegations contained on pages 1-6.
2. As for the allegations set forth in the section labeled "Factual Basis for Plaintiff Wheelock's Claims Only," the Defendants respond that the Plaintiffs' More Definite Statement contains no allegations, and instead, seeks only to incorporate allegations contained within the Plaintiffs' complaint, which this Honorable Court already determined required a More Definite Statement. As such, Plaintiff Wheelock's More Definite Statement fails to comply with this Honorable Court's Order to provide a more definite statement, and therefore, no answer is necessary. If an answer is deemed necessary, Defendants deny each and every averment.
3. As for the allegations set forth in the section labeled "Additional Factual Basis for Plaintiff Wheelock's Claims Only," pages 7-14,:
    a. the Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in Paragraphs 1-14, 18-24, 27, 28, 31, 33-36, and therefore, each and every averment set forth in Paragraphs 1-14, 18-24, 27, 28, 31, 33-36 is denied;
    b. the Defendants deny each and every allegation contained within Paragraphs 15-17, 25, and 37;

c. the Defendants deny each and every allegation contained within the section labeled “The Foregoing Applies to Plaintiff Wheelock Only,” contained on page 14;

d. the Defendants deny at this time until able to examine Department of Corrections’ records each and every allegation contained within Paragraphs 26, 29, 30, and 32.

4. As for the allegations set forth in the section labeled “The Legal Claim Asserted Applies to All Plaintiffs’, pages 15-20, Defendants respond that this section (pages 15-20) contains no allegations against Defendants, and therefore, an answer is not required. If an answer is deemed necessary, Defendants deny each and every averment set forth in the section labeled “The Legal Claim Asserted Applies to All Plaintiffs” and contained within pages 15-20.

5. As for the allegations set forth in the section labeled “Which claims are lodged against which Defendants,” pages 21-23, the Defendants respond that the Plaintiffs’ More Definite Statement contains no allegations, and instead, seeks only to incorporate allegations contained within the Plaintiffs’ complaint, which this Honorable Court already determined required a More Definite Statement. As such, Plaintiffs’ More Definite Statement fails to comply with this Honorable Court’s Order to provide a more definite statement, and therefore, no answer is necessary. If an answer is deemed necessary, Defendants deny each and every averment.

6. As for the allegations set forth in the section labeled “Exhaustion of Remedies,” pages 24-25, the Defendants respond that the Plaintiffs’ More Definite Statement

contains no allegations, and therefore, no answer is necessary. If an answer is deemed necessary, Defendants deny each and every averment.

7. Defendants further generally deny any and all averments that may have been made in the original complaint or the More Definite Statement that have not been previously responded to, but which might be interpreted to be averments. Any and all other allegations contained in the complaint or the more definite statement are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants in that it fails to articulate a legally sufficient factual basis for a finding of liability.

### SECOND DEFENSE

Defendants are entitled to all immunities, which are enjoyed by the sovereign.

### THIRD DEFENSE

The acts or omissions of Plaintiffs were the proximate cause of the alleged injuries, or in the alternative, substantially contributed to the cause of the same.

### FOURTH DEFENSE

Plaintiffs failed to mitigate their damages.

### FIFTH DEFENSE

In the event that the Plaintiffs sustained or suffered any injuries or damages as a result of the incidents and events described in Plaintiffs' Complaint, which allegations are specifically denied, Defendants aver that any such injuries or damages were the result of intervening acts or omissions of persons or entities other than Defendants, their agents,

servants or employees, for which acts or omissions of Defendants are neither responsible nor liable.

**SIXTH DEFENSE**

Defendants assert any and all applicable defenses relating to assumption of the risk.

**SEVENTH DEFENSE**

Defendants, in their official capacity, are not "persons" for purposes of 42 U.S.C. § 1983.

**EIGHTH DEFENSE**

Defendants, in their individual capacities, are entitled to qualified immunity.

**NINTH DEFENSE**

Defendants assert immunity pursuant to the Eleventh Amendment to the United States Constitution.

**TENTH DEFENSE**

Defendants assert that the Plaintiffs have failed to exhaust their administrative remedies prior to filing the instant lawsuit pursuant to the Prison Litigation Reform Act.

**ELEVENTH DEFENSE**

Defendants assert that Plaintiffs caused and/or contributed to the alleged injuries or damages complained of, and therefore, Defendants assert that Plaintiffs are comparatively and/or contributory negligence.

**TWELFTH DEFENSE**

Defendants assert that Plaintiff's lawsuit, or portions thereof, are barred by the Statute of Limitations.

**THIRTEEN DEFENSE**

Defendants assert the Doctrine of Unclean Hands.

**FOURTEENTH DEFENSE**

Defendants assert that they are entitled to discretionary and/or qualified immunity, or in the case of Governor Carcieri, executive privilege or immunity.

**FIFTEENTH DEFENSE**

Defendants assert that the Plaintiff is not entitled to punitive damages, costs, or attorneys fees.

**SIXTEEN DEFENSE**

Defendants assert that Title 18 does not provide a civil cause of action.

**Defendants demand trial by jury**

WHEREFORE, Defendants pray that this Complaint be dismissed and, that this Honorable Court grant judgment in favor of these defendants, and against the plaintiffs, and that these defendants be awarded all reasonable attorneys' fees and costs incurred in the defense of the above-entitled action.

Respectfully submitted,
DEFENDANTS
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field

Michael W. Field, #5809
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 Ext. 2380
Fax (401) 222-2995
mfield@riag.ri.gov

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Answer to Complaint was mailed, postage prepaid, on this 21th day of March, 2007 to those indicated below:

**Ernest Hazard**
103948
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920

**Kenneth Wilson**
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920

**Louis Viveiros**
121195
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920

**Michael J. Wheelock, Sr**
74124
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920

**/s/ Michael W. Field**