weekends, and how he has not been able to eat breakfast, and lunch from November 14, 2006, to present.

(32) Wheelock alleges on February 15, 2007, he filed a level I grievance that he was unlawfully suspended, and terminated from the RIDOC SOTP, by the Director of the program, Peter Loss, without a hearing.

(33) Wheelock alleges on February 18, 2007, at 2:00 pm., in the law library he asked Officer Melikian, "If he still had specially assigned seating at chow", Officer Melikian replied, "Absolutely Not".

(34) Wheelock alleges on February 19, 2007, he handed counselor Lisa Soderlund an informal grievance she refused to sign and give copy.

(35) Wheelock alleges on February 26, 2007, at lunchtime counselor Lisa Soderlund handed him back his informal grievance unsigned and unanswered.

At lunchtime Warden Boyd told Wheelock he had sent all plaintiffs' grievances back to them. Wheelock said "That no plaintiffs' had received them", Warden Boyd then said, "Go see the grievance coordinator Lt Vicino if you have a problem".

At approximately 4:00 pm., Wheelock asked Lt. Vicino about the grievances, Lt. Vicino said, "Tomorrow at 1:00 pm., he was meeting with Warden Boyd, and would find out".

Wheelock also handed Lt. Vicino a level I grievance about counselor Lisa Soderlund, Lt. Vicino refused to sign the level I grievance, but did take it.

(36) Wheelock alleges on February 27, 2007, Lt. Vicino told him, "He located the grievances they were on Warden Boyd's secretary's desk, and needed to be copied.

Lt. Vicino gave Wheelock a direct order in a loud, and threatening manner, "To <u>NOT</u> assist any of his co-plaintiffs' in the filing of the same grievance.

Wheelock is afraid to file any grievances because of the retaliation that occurs.

(37) (?) (?)

**The Foregoing Applies To Plaintiff Wheelock <u>Only</u>**

Rhode Island General Laws; but not limited to, any and all applicable rules; statutes; authorities; consent decree judgements; and remedies.

Jurdisdiction is conferred upon this Court and Venue is properly laid in the United States Federal District Court for the District of Rhode Island.

Plaintiffs, et.al., on behalf of themselves and all others similarly situated are pro-se. **<u>Haines V. Kerner,</u> 30 L.Ed.2.,** 653 (1972), -**pro-se complaint,** 1. The United States Supreme Court holds allegations of a pro-se complaint to less stringent standards than formal pleadings drafted by lawyers. -failure to state a claim, 2. A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

**2) The Legal Claim Asserted,**
**Applies To All Plaintiffs'**

"This civil action is filed by the Plaintiffs' on behalf of them selves, and all others similary situated; pursuant to 42 USCA § 1983;

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the juridiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia:

42 USCA § 1985: **Conspiracy to interfere with civil rights.**

"(2) Obstructing justice; intimidating party, witness. or juror. If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal

protection of the laws;

(3) Depriving persons of rights or privileges. If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an deprivation, against any one or more of the conspirators.

28 USCA § 1331

"The district courts shall have original jurisdiction of all civil actions arising under the Constitutional, laws, or treaties of the United States:"

28 USCA § 1343, (3)(4).

"(3) To redress the deprivation under color of any State law, statute, ordinance, regulation, custom or usage, of any right privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the juridiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

18 USCS § 241 **Conspiracy against right.**

"If two or more persons conspire to injure, oppress, threaten, or intimidate any inhabitant of any State, Territory, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or if two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured--

18 USCS § 242 **Deprivation of rights under color of law.**

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if bodily injury results shall be fined under this title or imprisoned not more than ten years, or both; and if death results shall be subject to imprisonment for any term of years or for life.

18 USCS § 245 **Federally protected activities.**

(b) Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with--

(1) any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from--

(E) participating in or enjoying the benefits of any program or activity receiving Federal financial assistance; or

(2) any person because of his race, color, religion or national origin and because he is or has been--

(B) participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof;

(4) any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from--

(A) participating, without discrimination on account of race, color, religion or national origin, in any of the bendfits or activities described in subparagraphs (1)(A) through (1)(E) or subparagraphs (2)(A) through (2)(F);or

(B) affording another person or class of persons opportunity or protection to so participate; or

(5) any citizen because he is or has been, or in order to intimidate such citizen or any other citizen from lawfully aiding or encouraging other persons to participate, without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described in subparagraphs (1)(A) through (1)(E) or subparagraphs (2)(A) through (2)(F), or participating lawfully in speech or peaceful assembly opposing any denial of the opportunity to so participate--

shall be fined not more than $1,000, or imprisoned not more than one year, or both; and if bodily injury results shall be fined not more than $10,000, or imprisoned not more than ten years, or both; and if death results shall be subject to imprisonment for any term of years or for life. As used in this section, the term "participating lawfully in speech or peaceful assembly" shall not mean the aiding, abetting, or inciting of

other persons to riot or to commit any act of physical violence upon any individual or against any real personal property in furtherance of a riot.

**First Amendment, Religion and Political Freedom.**

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceabley to assemble, and to petition the government for a redress of grievances.

**Fifth Amendment, presentment or indictment-Double Jeopardy-Self -incrimination -Due Process-Compensation For Private Property.**

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law.

**Eight Amendment, Cruel and Unusual Punishment**

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

**Fourteenth, Citizenship-Privileges and immunities-Due Process -Equal protection of laws.**

All persons born in the United States and subject to the juristiction thereof are citizens of the United States. No States shall make or enforce any law which shall deprive any person of life, liberty, or property without due process of law [procedural/substantive], nor deny to any person within its juridiction the equal protection of the laws.

Rhode Island General Laws; but not limited to, any and all applicabable rules; statutes; authorities; consent decree judgements; and remedies.

Jurisdiction is conferred upon this Court and Venue is properly laid in the United States Federal District Court for the District of Rhode Island.

Plaintiff, et.al., on behalf of themselves and all others similarly situated are pro-se. Haines V. Kerner, 30 L.Ed2d.,653 (1972), **-pro-se complaint,** 1. The United States Supreme Court holds allegations of a pro-se complaint to less stringent stand-ards than formal pleadings drafted by lawyers, -failure to state a claim, 2. A complaint should not be dismissed for failure to state a claim unless it appears beyound a doubt that the plain-tiff can prove no set of facts in support of his claim which would entitle him to relief.

**3) Which claims are lodged against which Defendants'**

The claims against the following Defendants' apply to all Plaintiffs'. (See #2 Legal claims asserted).

State of Rhode Island, #11 page 56.
Governor Carcieri, #12 page 57.
Ashbel T. Wall, #13 page 57.
Robert McCutchen, #14 page 57.
The Parole Board, #15 page 57.
Lisa Holley, #16 page 57.
RIDOC SOTP, #17 page 57 & 58.
Peter Loss, #18 page 58.
Kirk Kaszyk, #19 page 58.
Classification Board, #28 page 59 & 60.
John Doe (?), #30 page 60.

**Additional Defendants'**

Roberta Richmond
Michael T. Poshkus
Frederic Friedman

Plaintiff, Michael J. Wheelock, Sr., **ONLY** further asserts claims against the following individual Defendants'. (See #2 Legal claims asserted).

Lisa Holley, #16 page 57.
Peter Loss, #18 page 58.
William Begones, #20 page 58.
Joseph Jankowski, #21 page 58.
Richard Meunier, #22 page 58 & 59.
Walter Duffy, #23 page 59.
Lawrence Ceresi, #24 page 59.
Samuel Davies, #25 page 59.
Maurice Chamberlin, #26 page 59.
Carolyn Ramano, #27 page 59.
Robert Flynn, #29 page 60.
John Doe (?), #30 page 60.

**Additional Defendants'**

David Melikian

Drue Chatfield
Anthony Lepore
Kerri Skwirz
Paul Sivo
Stephen Boyd
Rhode Island Brotherhood of Correctional Officers
Richard Ferruccio
Ann Marie Bolvin
Captin Vitale
Lt. Vicino
Chuck Dawson

**Plaintiffs'**

Michael J. Wheelock Sr.
Kenneth Wilson
Luis Viveiros
Ernest Hazard

**Plaintiffs' who appear in Original Complaint**

Neal Rancourt
Dana Waters
Frederick Hebert
Alan Smith
Normand Lalumiere

**Plaintiffs' foregoing and preceeding all appear on supplemental Complaint.**

Aaron Davis
Anthony Perkins

**Other Plaintiffs' similarly situated and supported by affidavits to the United States District Court for the District of Rhode Island.**

Fred Erdman
Ronald Berriochoa
James G. Diel, Sr.
Jose M. Rivera
Joseph Sorel
Joseph Palumbo

Corey Pero

Christopher Estrela

**Other Plaintiffs' similarly situated and supported by affidavit.**

Ovila F. Ross, Jr.

Ronald Cervantes

Edward Hartford

Joseph S. Medeiros

Raymond Staffier

Andres Madira

Charles W. Cote

Peter R. Medeiros

Rhode Island General Laws; but not limited to, any and all applicabable rules; statues; authorities; consent decree judgements; and remedies.

Jurisdiction is conferred upon this Court and Venue is properly laid in the United States Federal District Court for the District of Rhode Island.

Plaintiff, et.al., on behalf of themselves and all others similarly situated are pro-se. **Haines V. Kerner**, 30 L.Ed2d.,653 (1972), **-pro-se complaint**, 1. The United States Supreme Court holds allegations of a pro-se complaint to less stringent standards than formal pleadings drafted by lawyers, -failure to state a claim, 2. A complaint should not be dismissed for failure to state a claim unless it appears beyound a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## 4. EXHAUSTION OF REMEDIES

1) Level II. Grievance stating, "I was trying to get back into the SOTP program. I was kicked out for not talking about other inmates crimes in the yard, and not signing the contract. Peter Loss is telling me that I can't call my family because my stepdaughter lives there. She is 19 years old. There is no no-contact order in effect. I am not bresking any laws. I am court ordered to the program. I don't agree with his contract and his control. If we don't sign the contract, we cannot be in the program." (AUGUST OF 2003).

Answer to the above grievance, "Denied." "Mr. Rancourt, you do not have a constitutional right to be in the Sex Offender Treatment Program. Mr. Loss has the authority and responsibility to set standards for participation. He has reported that you have failed to comply with the standards. Therefore, your program involvement was terminated. Mr. Loss is within his authority. Your grievance is denied.

**I believe I must ask the defendants' if they would agree that it would be repetitive, and a waste of time and money if each and every plaintiff and all others similarly situated to file the same grievance's, only to receive the same answer?**

2) State of Rhode Island Department of Health;

3) State of Rhode Island Ethics Commission;

4) State of Rhode Island Commission for Human Rights;

5) State of Rhode Island Superior and Supreme Courts.

6) Plaintiffs' and all others similarly situated assert that the State of Rhode Island ACI does not provide a plain, speedy, and effective administrative remedy under 42 USCS § 1997e. Furthermore, state employees acting under color of law are deterring, threating, intimidating, plaintiffs and others similarly situated, as well as witnesses from grieving different matters pertaining to the action.

Rhode Island General Laws; but not limited to, any and all

applicabable reles; statutes; authorities; consent decree judgements; and remedies.

Jurisdiction is conferred upon this Court and Venue is properly laid in the United States Federal District Court for the District of Rhode Island.

Plaintiff, et.al., on behalf of themselves and all others similarly situated are pro-se. Haines V. Kerner, 30 L.Ed.2d., 653 (1972), -**pro-se complaint**, 1. The United States Supreme Court holds allegations of a pro-se complaint to less stringent standards than formal pleadings drafted by lawyers, - failure to state a claim, 2. A complaint should not be dismissed for failure to state a claim unless it appears beyound a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

**CERTIFICATION**

**[ 28 USCS § 1746 ]**

I, the undersigned certify that a copy of the foregoing Response To Defendants' Motion For A More Definite Statement; was mailed postage pre-paid on March 6, 2007, to the United States District Court, For The District of Rhode Island, One Exchange Terrace, Providence, R.I. 02903; Attorney General, Special Assistant Attorney General, Michael W. Field #5809, 150 South Main Street, Providence, R.I. 02903.

Respectfully Submitted

Kenneth Wilson #110276
Plaintiffs', et.al.
Adult Corrections Inst.
Medium Security
P.O. Box 8274
Cranston, R.I. 02920