UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL J. WHEELOCK, SR., ET AL<br>Plaintiffs, | : | |
| V. | : | C.A. No. 06-366S |
| STATE OF RHODE ISLAND ET AL.<br>Defendants, | : | |

**DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

Now come the Defendants, **Sex Offender Treatment Program; Peter Loss,** in his individual and official capacity; **Lisa Holley**, in her individual and official capacity; **Walter Duffy,** in his individual and official capacity; **Samuel Davies**, in his individual and official capacity; **Richard Meunier**, in his individual and official capacity; **William Begones**, in his individual and official capacity; **Joseph Jankowski**, in his individual and official capacity; **Lawrence Ceresi**, in his individual and official capacity; **Carolyn Ramano**, in her individual and official capacity; **Governor Donald Carcieri**, in his individual and official capacity; **Irving Chamberlain**, in his individual and official capacity; **Director A.T. Wall**, in his individual and official capacity; **Deputy Warden Kirk Kaszyk**, in his individual and official capacity; **Patrick Flynn**, in his individual and official capacity; **Robert McCutchenon**, in his individual and official capacity; **the Parole Board**; and **the Classification Board** (hereafter collectively "Defendants"), in the above-entitled action and hereby submit this Motion to Dismiss under Rule 12 (b)(6) of the Federal Rules of Civil Procedure. Defendants submit that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6). The reasons for Defendants' Motion are set forth in the accompanying Memorandum of Law. All Defendants pray that Judgment enter in their favor.

Respectfully submitted,
DEFENDANTS

By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field________
Michael W. Field, #5809
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 Ext. 2380
Fax (401) 222-2995
mfield@riag.ri.gov

## CERTIFICATION

I, the undersigned, hereby certify that a copy of the foregoing Motion was mailed, postage prepaid, on this 11th[h] day of June, 2007 to those indicated below:

/s/ Michael W. Field

**Ernest Hazard**
103948
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920

**Louis Viveros**
121195
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920

**Michael J. Wheelock, Sr**.
74124
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920

**Kenneth Wilson**
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL J. WHEELOCK, SR., ET AL :
Plaintiffs, :
:
V. : C.A. No. 06-366S
:
STATE OF RHODE ISLAND ET AL. :
:
Defendants, :

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

Originally filed by four (4) pro se inmates, three (3) pro se inmates now have been dismissed from the above-captioned matter, leaving only Inmate Kenneth Wilson. Although it is clear that the above-captioned matter has something to do with the Sex Offender Treatment Program at the Department of Corrections, Inmate Wilson's precise claims, the legal basis, and the role of each named Defendant is less apparent. In fact, in a combined one hundred seven (107) pages representing a Complaint and a Response to Defendants' Motion for a More Definite Statement, it appears that Wilson is only mentioned by name once – in the section labeled "Parties" wherein Wilson is identified as one of the Plaintiffs. *Docket Entry # 22, p. 55-56*. Because of Wilson's failure to identify a cause of action, Defendants submit that this instant suit should be dismissed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In September 2006, Inmate Wilson, along with three (3) additional pro se inmates now dismissed, filed an eighty-one (81) page Complaint (hereafter "September 2006 Complaint") outlining various alleged deficiencies in the Sex Offender Treatment

Program (hereafter "SOTP") at the Department of Corrections. *Docket Entry # 22.* In addition to the SOTP allegations, the September 2006 Complaint also contained a smorgasbord of other unorganized allegations (made against numerous named Defendants) pertaining only to Michael Wheelock, a now dismissed Plaintiff. *Docket Entry #22.* Because of the nature of the September 2006 Complaint, Defendants' moved for a More Definite Statement, which this Court granted. This Honorable Court Ordered that each of the four (4) Plaintiffs submit a More Definite Statement and state in concise terms, inter alia: (1) the "factual basis of each Plaintiff's claim," (2) "the legal claim asserted," and (3) "which claims are lodged against which defendants." *Docket Entry # 59.*

Following this Honorable Court's Order, Inmate Wilson (and only Inmate Wilson) responded in March 2007 by filing a twenty-six (26) page Response (hereafter "March 2007 Response"). Wilson's March 2007 Response alleged that "the signing of the RIDOC SOTP 'Treatment Agreement' [contract], gives the RIDOC SOTP consent to circumvent the law and [P]lainitffs' right to receive counseling from specially trained personnel." *Document # 96, ¶ 1.* Wilson continued that the SOTP unlawfully "use[s] other inmates, in place of specially trained personnel, to render counseling," *id. at ¶ 2,* and that these inmates improperly provide "assessments, evaluations, and recommendations" concerning other inmates enrolled in the SOTP. *Id. at ¶ 4.* Moreover, Inmate Wilson alleged that in order to participate in the SOTP, a participating inmate must forego the "right to confidentiality from inmate employees of the RIDOC SOTP," *id. at ¶ 8,* denies a participating inmate the "right to independent medical treatment," *id. at ¶ 9,* "den[ies] [P]laintiffs' right to seek a second opinion concerning

medical treatment," *id. at ¶ 10*, "gives the RIDOC SOTP consent to change medications prescribed by qualified medical personnel," *id. at ¶ 11*, and improperly "gives the RIDOC SOTP the right to access all medical records." *Id. at ¶ 12.*

Inmate Wilson's Response continued by contending that if an inmate refuses to sign the so-called "Treatment Agreement," the inmate "will receive no rehabilitation," *id. at ¶ 13*, and as a consequence, will be considered ineligible for parole. *Id. at ¶ 14.* Wilson further complained that the SOTP does not provide for "individualized treatment," *id. at ¶ 15*, and that the SOTP intake process should "consist of a psychological evaluation." *Id. at ¶ 16.* Additionally, Inmate Wilson contends the one social worker who administers the SOTP is inadequate to treat all the sex offenders admitted to the SOTP, *id. at ¶ 19*, and that this social worker is also "under qualified." *Id. at ¶ 20.* Lastly, Wilson charges that the State does not provide a hearing before an inmate is suspended, denied treatment, or terminated from the SOTP. *Id. at ¶ 24-27.*

As the above should make clear, although this Honorable Court Ordered each Plaintiff to provide, inter alia, the factual basis of their claim, how it affects them in particular, and which claims are associated with which Defendants, Wilson's March 2007 Response does not identify how any of the above claims relate to him specifically, as opposed to "Plaintiffs" or "inmates" in general, the factual basis of any claim, or the role of any specific Defendant. In fact, out of the eighteen (18) named Defendants, Wilson's March 2007 Response only mentions three (3) named Defendants at any point – the SOTP, the Classification Board, and the Parole Board, *see Docket Entry # 96, p. 5*, and even here Wilson provides no indication how he is affected by any alleged action/omission of these Defendants.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides "that a party is entitled to the dismissal of actions that fail to state a claim upon which relief can be granted." In considering a motion to dismiss brought pursuant to this rule, "the court must accept the well-pleaded averments of the plaintiff's complaint as true, and view these facts in the light most favorable to the plaintiff." Chongris v. Bd. Of Appeals, 811 F.2d 36, 37 (1st Cir. 1987); Brower v. County of Inyo, 489 U.S. 593 (1989). "A motion to dismiss under Rule 12(b)(6) will only be granted when it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "It is the Plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

## IV. LEGAL CLAIMS AND ANALYSIS

Initially, the legal basis of Wilson's claim must be considered. In his March 2007 Response, Wilson makes clear that he seeks relief pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, various jurisdictional statutes (28 U.S.C. § 1331 and U.S.C. § 1343); various criminal statutes (18 U.S.C. §§ 241, 242, and 245), and the First, Fifth, Eighth, and Fourteenth Amendment to the United States Constitution.

With respect to Wilson's Title 18 claims, the First Circuit has held that a "private citizen has no authority to initiate a federal criminal prosecution." Cok v. Cosentino, 876 F.2d 1, 2-4 (1st Cir. 1989). Accordingly, only the United States, and not Wilson, may bring a claim pursuant to Title 18. Id. Moreover, Wilson cites 42 U.S.C. §1985, but this

provision requires, inter alia, a "conspiracy" and neither Wilson's September 2006 Complaint, nor his March 2007 Response, provides any evidence or allegations concerning a "conspiracy," the persons engaged in any "conspiracy," or the other predicate elements of a § 1985 claim. Lastly, Wilson cites 28 U.S.C. §§ 1331, 1343, but it is quite evident that these provisions are jurisdictional in nature and do not provide substantive rights. Therefore, dismissal of these claims is proper, leaving only Wilson's § 1983 claim. It is well settled, however, that a § 1983 claim for damages may not lie against the state, its departments, or "persons" sued in their official capacity. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2307 (1989). Accordingly, claims made against the 'State" for monetary damages must also be dismissed.

Notwithstanding Will, Wilson's § 1983 claim must be dismissed on a more basic level. Section 1983 creates a cause of action for persons denied a federally protected right. See Baker v. McCollan, 443 U.S. 137 (1979); Maine v. Thiboutot, 448 U.S. 1 (1980). Here, although Wilson references the First, Fifth, Eighth, and Fourteenth Amendments, *see Docket Entry # 96, p. 19*, he provides not a shred of information or allegation demonstrating how any of his complaints implicate any of the above Constitutional Amendments. Based upon his filings, there is simply no basis to believe that Wilson's freedom of speech has been infringed, that the Takings or Double Jeopardy Clauses have been implicated, that Wilson has been denied equal protection or due process, or that Wilson suffered from any Punishment, let alone Cruel and Unusual. In fact, Wilson merely cites the above constitutional provisions leaving all to guess which clauses he alleges pertain to this lawsuit. Furthermore, the March 2007 Response does not set forth how any claim affects Wilson himself, and instead only references that all

the allegations and legal claims set forth in the March 2007 Response apply to "plaintiffs" or "inmates," without any further elaboration.

Moreover, – and more importantly – Wilson's March 2007 Response fails to comply with this Honorable Court's Order granting Defendants' Motion for a More Definite Statement. Specifically, and expressly, this Court Ordered each Plaintiff to state in concise terms, inter alia: (1) the "factual basis of each Plaintiff's claim," (2) "the legal claim asserted," and (3) "which claims are lodged against which defendants." *Docket Entry # 59.* Contrary to the Court's Order, the March 2007 Response fails to meet any of the criteria laid out by this Honorable Court. Instead, Wilson only makes general allegations that "Plaintiffs" have suffered some harm without specifying any claims, indicating which claims are lodged against which Defendants, or relating how Wilson himself was affected. In fact, Wilson's name does not even appear in the March 2007 Response, nor is there any indication as to which of the eighteen (18) Defendants are alleged to have committed which acts involving Inmate Wilson or how these acts implicate any legal theory.

Wilson has completely failed to plead any facts that show he is entitled to recovery or how any of the Defendants allegedly violated any of his constitutional rights. Defendants submit that Inmate Wilson has set forth no facts that give rise to a violation of either a constitutional or federal statutory right. Therefore, Wilson's Complaint fails to establish any claim for relief that is actionable in the United States District Court, and this Honorable Court should grant the Defendants' Motion to Dismiss for failure to state a claim.

## V. CONCLUSION

For all the reasons set forth in this Memorandum of Law, the Defendants respectfully submits that Wilson has not established a valid claim under any legal theory and has further failed to comply with the terms of this Court's Order granting Defendants' Motion for a More Definite Statement. Wilson has set forth no facts that demonstrate any constitutionally protected rights have been violated. Therefore, Defendants, individually and officially, pray that their Motion to Dismiss for Plaintiff's failure to state a claim be granted on all counts and that Judgment enter in favor of all Defendants.

Respectfully submitted,
DEFENDANTS

By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field_________
Michael W. Field, #5809
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 Ext. 2380
Fax (401) 222-2995
**mfield@riag.ri.gov**

## CERTIFICATION

I, the undersigned, hereby certify that a copy of the foregoing Memorandum was mailed, postage prepaid, on this 11th day of June, 2007 to those indicated below:

/s/ Michael W. Field

**Ernest Hazard**
103948
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920

**Louis Viveros**
121195
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920

**Michael J. Wheelock, Sr**.
74124
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920

**Kenneth Wilson**
Adult Correctional Institution
Medium Security
PO Box 8274
Cranston, RI 02920